884 F.2d 580
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carmen R. STANFIELD, Plaintiff-Appellant,
v.
Betty W. HORN, Administrator, Board of Law Examiners of
Tennessee; Charles W. Burson, President, Board of Law
Examiners of Tennessee; Lowry F. Kline, Vice-President,
Board of Law Examiners of Tennessee; H. Lee Barfield, II,
Secretary-Treasurer, Board of Law Examiners of Tennessee,
Defendants-Appellees.
 No. 89-5087.
 United States Court of Appeals, Sixth Circuit.
 Aug. 24, 1989.
 
 Before NATHANIEL R. JONES, MILBURN and DAVID A. NELSON, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Carmen R. Stanfield appeals the dismissal of her civil rights complaint filed under 42 U.S.C. Sec. 1983 and Sec. 2000e et seq., in which she alleged that because of her gender and race, officials of the Board of Law Examiners of Tennessee fraudulently represented that she failed the Tennessee bar examination. Defendants moved to dismiss the complaint for, inter alia, lack of subject matter jurisdiction. The district court adopted the magistrate's recommendation for dismissal over plaintiff's objections.
 
 
 3
 Upon consideration, we conclude that the district court properly dismissed plaintiff's complaint for lack of jurisdiction. Generally, review of a state court's final judgment in a bar admission matter is not available in federal district court. D.C. Court of Appeals v. Feldman, 460 U.S. 462, 476-86 (1983). Here, the district court correctly concluded that plaintiff seeks review of the decision in her individual case attributable to the Tennessee Supreme Court. Therefore, jurisdiction does not lie in the district court.
 
 
 4
 Also, we note that plaintiff's contention that defendant's motion to dismiss was improperly referred to the magistrate is without merit. Dispositive motions may be referred to the magistrate for a recommendation pursuant to 28 U.S.C. Sec. 636(b)(1)(B). Roland v. Johnson, 856 F.2d 764, 768 (6th Cir.1988). The district court conducted the required de novo review. See Roland, 856 F.2d at 769. Further, plaintiff did not object to the referral in her objections to the magistrate's report; she thus waived appellate review of the claim. See Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir.1987).
 
 
 5
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.